Our last case of today is number 20-1158, United States v. Melvin, Ms. Arkell and Ms. Tomazoli. Ms. Arkell? Thank you, Your Honor. May it please the Court, I'm Louise Arkell from the Office of the Federal Public Defender, District of New Jersey. If I could ask permission for three minutes of rebuttal time. Nope, no problem. Thank you. This case raises the question whether early termination of supervised release requires a showing of extraordinary circumstances. The answer is no. I have two main points to make in support of that answer. One is the most basic, most fundamental, the plain language of the statute does not include extraordinary circumstances as a requirement. Thank you. Is Mr. Melvin still on supervised release? He is for another two months. He is due released November 28th, and I'd be remiss not to mention that that is also his birthday. He will be 46. So the plain language of the statute requires only that a person subject to supervision must have completed one year of supervision and that the judge find that early termination is warranted by the conduct of that person and the interests of justice. Let's assume if we were to say that you're right under the plain text of the statute, that we don't have, there's nothing that requires extraordinary or exceptional circumstances, and there's nothing that requires new or unforeseen circumstances in order to grant a motion by either a defendant or the government relating to supervised release. But that does not mean, does it, that a court cannot take those into account in making its decision. Is that correct? That's correct, Your Honor. Could I cite one example of where that would play? In the Powell case, which is cited in, I believe it's DuDash, the defendant there was in the final stages of his life. That is certainly an extraordinary circumstance and right for consideration. I think it's a compelling circumstance, but it shouldn't be the requirement. It should not be a bar that a defendant has to meet or exceed in order to get early termination. The statute doesn't require it. And I think it also, my second main point is also that making that a requirement sort of distorts or shifts the focus of what should be the inquiry, which should be tied to the purpose of supervised release. The two Johnson cases talk about the purpose of supervised release. The first, the Roy Lee Johnson case, says that Congress intended supervised release to assist individuals. So to affirmatively assist individuals in their transition to community life. The other Johnson case, Cornell Johnson, says that congressional policy in providing for a term of supervised release after incarceration is to improve the odds of a successful transition from prison to liberty. So the central inquiry shouldn't be, has this person done something extraordinary, but has the purpose of supervision been fulfilled? Has it, is a condition or supervised release in general assisting Mr. Melvin? So the inquiry here, I think how it manifested here is a perfect example. For example, the reporting requirement, the district court here said it's so unburdensome as to be nothing more than a nuisance. But the inquiry, if you say, does he need that reporting requirement anymore to improve his odds of a successful transition? The answer has to be, had to be no. Mr. Melvin has done, and I hate to use the term, except in a lay sense, he's done extraordinarily well. The other, if the inquiry were, does he still need supervision to improve his odds of succeeding? Does he need the assistance of a reporting requirement, however nominal? Then the answer is no. If the answer is, is it a burden? Then the answer, that's a different inquiry, totally different inquiry. The other example of how I think that enhanced requirement affected the district court's evaluation of Mr. Melvin's motion was, and this is cited often, the mere compliance is not enough. There's compliance and there's compliance. Somebody can be in compliance with supervised release with all of the conditions. And the answer to the inquiry, does he still need supervised release to further the goals of supervised release? Somebody may have mental health problems that still require treatment, but has resulted in no violation of supervised release. That person is still in compliance, going to treatment, getting help. So somebody can be in compliance and still need that assistance. Similarly, somebody can be in compliance, like Mr. Melvin, and I would say, done extraordinarily well, but not need that assistance anymore. Different inquiry. If you're the government, it's easy to understand when you say, okay, he's complied with the terms of his supervised release. And sometimes you can see a government attorney saying, duh, that's what he's supposed to do. How can that be in any way put us into a situation where you ought to revisit your order unless you should have revisited it at the outset? And now you're having second thoughts, Judge. But it seems like it's a wide open area as to what the government can present by way of arguments. And the concern that we're having, or at least I have, is what is required to be shown in order to make the case under 3582E. I think the wide open thing might be considered the interest of justice. I mean, the conduct of the defendant, like I said, there's compliance and there's compliance. Mr. Melvin is a model example of compliance plus. But if you look at it in the context, I think if you pose that inquiry, have the goals of supervised release been fulfilled? And is continued supervision assisting him in any way? Or is it improving his odds of successful transition? The answer here would have been no, he doesn't need it anymore. But I think you're, and I go back to the example, some people may be in compliance, but still need the assistance. The interest of justice, I think, speaks largely to whether somebody continues to need supervision. But also judicial resource, you know, resources, efficient use of probation's resources. The policy guideline, which is to encourage the use of early termination when appropriate. And there was one. You asked, am I answering your question? I thought you asked a slightly different question at the beginning. No, I mean, it just seems like the types of things that can be considered in connection with a matter relating to changing supervised release conditions is pretty broad. It is broad, but it's no broader than a judge. It's discretionary. And I think we trust district courts to weigh all of these circumstances. They have the guidelines of the sentencing factors, of the statutory factors. They have the guideline of the policy note. And they have their good sense in looking at this defendant and weighing all these factors and saying, here they have the probation's lack of objection. But the first, you would think the blink response of a judge who gets a motion for a change of supervised release conditions, having previously been put in place by that judge. Blink response is, what's changed? I think the change is inherent because I think that's a question. Do you need new circumstances or changed circumstances? And I think the issue is that changed circumstances are really inherent in the fact that somebody is moving for termination of supervised release. The changed circumstances are inherent in the notion that somebody has proved the judge that three years in this case is not necessary. Whereas the judge 11 years ago thought three years would be necessary, the circumstances have changed to the point where a judge looking at Mr. Melvin 11 years later says, you know what? The purposes of supervised release have been fulfilled. I think that's inherent in that inquiry. I don't think it needs to be an exacting standard. I think it's inherent in that whole inquiry. All right. Why don't we hear from Ms. Comisole and then we'll get you back on rebuttal. Thank you. Thank you, Your Honor. Can everyone hear me? Yeah. Yes. Thank you. May it please the court. I'm Sabrina Comisole and I represent the appellee, the United States, in this matter. Judge McNulty did not misapprehend the legal standard when he declined to terminate Mr. Melvin's term of supervised release. Is there anything, is it required of a judge considering a supervised release motion for change to consider exceptional or extraordinary circumstances or new or unforeseen circumstances? Is that required? I do not believe it is required under the terms of the statute or this court's case law. However, I do believe that those are very sensible considerations and this court has said so in several non-precedential opinions that those are sensible, reasonable considerations. And I believe Judge McNulty understood that and understood the state of the law when he conducted his discretionary reasoning in this case. And I say that for a couple of reasons. First of all, Judge McNulty did cite two of the non-precedential opinions of this circuit. I believe he cites Davies and Lane. And he certainly understands that those are not binding precedents. If I was on the panel in Lane, I think if I was, if we had to do it all over again a decade later, we would have certainly been a little more precise with our use of language. I didn't write it. I signed off on it. Well, Your Honor, now you have that opportunity. Exactly. But I think that Judge McNulty not only understood that he was following the persuasive authority of those opinions and not binding precedent that required him to consider those factors, but also in the way he's framed his opinion. I believe he did not think that he must find extraordinary circumstances. And the reason is, first of all, his use of the words empowered and warranted and discretion. On the very first page, he explains the court is empowered by the text of the statute, meaning it would be legally authorized to terminate the supervised release term early based on the conduct of the defendant and in the interest of justice. Then at the top of page two, he discusses those other considerations and says early termination is warranted, which means to me appropriate, but not required. Only when the sentencing judge is satisfied that something exceptional or extraordinary warrants it or upon a showing of new or unforeseen circumstances. So it looks as if Judge McNulty believed that it was a requirement that those be shown before he could rule in favor of a supervised relief modification here. That is not necessarily how I interpret it, Your Honor. I interpreted his use of the word warranted as appropriate, that it would be appropriate to consider exceptional. I don't know how else to read it. I mean, that only really stands out. If we read it that way, then, and take that issue off the table, then can you explain why his decision nevertheless is not an abuse of discretion? Let me just make sure I understand your question, Judge Porter. Are you suggesting that if he did misapprehend the legal standard, how his decision is not an abuse of discretion? And I think there are two reasons for that. One is, even if this court were to find that he misapprehended the law, it may still affirm if it is able to ascertain a viable legal basis for the denial of the motion. And I think there is certainly a viable basis for the denial of this motion. For one thing, when you look at everything the court considered, what I believe tipped the balance here was Melvin's criminal history and the seriousness of his offense. Both are things that Melvin cannot now change. So nothing new or unforeseen or extraordinary today can change those factors. And that was, I think, one of the most important things that Judge McNulty found tipped the balance in favor of not terminating the supervised release early. So I think because he considered all of Melvin's arguments, credited many of them, considered the fact that he received the bottom of the guideline range, and that supervision, as it is expiring in November, is seriously not such a burden, that all of those things can be considered and this court can affirm the denial of the motion based on those factors. But if we determined that he believed he was straightjacketed, if you will, with certain requirements, and he may end up doing the very same thing, and he may even say, I do need to see some type of new or unforeseen circumstances, but don't we need to at least correct the misperception that there is a requirement that you consider these things? I mean, our case in Murray, Judge Fuente's opinion, makes very clear there is no hard and fast published precedent of our court on what a trial judge must take into account in connection with supervised release modifications. Well, Murray was a case under the second subsection of 3583, which involves modification. This is a case under E1, not E2. But your honor is correct. There are, as far as I can tell, four non-precedential opinions of this circuit that are on point, but not binding precedent, and it may be very helpful for the courts to have clear... I really don't like discussion of non-precedential cases. We're riding on a clean slate, and let's ignore the non-precedential cases. They're not precedent for us to consider. I understand. Because that means I can ignore Lane. Right. I understand where you're coming from, Judge Roth, and this panel can choose to write whatever it would like, but those four opinions do set forth a very sensible interpretation and offer guidance to judges on what they may consider, even if they're not legally required to consider those factors. In this circumstance, let me pose this example. You go back before the judge, and the judge says, you know, if I had to do sentencing all over again, I would have done a much different supervised release standard or conditions. And I've been thinking about this, and looking at the record here, it convinces me that I should have done it another way at the outset. I'm going to correct that error now. Nothing stops that judge from doing it, does it? I think as long as the judge considers the text of the statute and the 3553A factors, the judge could choose to reduce the term of supervised release. Okay. I agree. Anything further, colleagues? Nothing further. Your Honor, may I make one further point, if you don't mind, in response to Ms. Arkell's argument about whether he still requires the assistance in terms of reintegrating into society that a term of supervised release provides him. I only wanted to point out that that is not the only purpose of supervised release, but another purpose is so that the court can keep a watchful eye over him until the end of that term on November 28th. Because here, Judge McNulty was concerned, given his criminal history, which included acts of violence and a shooting that left someone dead, and given the seriousness of the offense, I think Judge McNulty felt better knowing that the court could keep its eye on him until the natural end of the three-year term. And if that's what he decides, that's something that would seem to be within the realm of discretion. Okay. Thank you, Your Honor. Thank you very much.  Ms. Arkell? Thank you, Your Honor. I just want to emphasize what Judge Ambrose pointed out, that the first sentence of the second paragraph of the opinion is warranted only when. Only when makes it clear and explicit that the judge applied that enhanced extraordinary circumstances requirement. And my second point is that I think it would be extraordinarily helpful, not to overuse the word extraordinary, extraordinarily helpful for this court to clarify that that is not the requirement. It is not in the statute. It is not consistent with the purposes of supervised release. And though it may be relevant or a consideration in some cases, it is simply not a requirement that defendants must overcome before early termination is warranted. If the district court had just applied the 3553A factors, it could have come to the same conclusion, could it not, that he would deny the motion? It's possible, but I think that if the correct inquiry were posed, a judge would come to a different conclusion. It's another way of asking the question that I asked your adversary, which is, if we agree with you that he applied the wrong legal standard, and that alone, of course, can be an abuse of discretion. But if you put that to the side for a minute, is there any other way in which you think he abused his discretion? I know, I think that the application of the heightened standard was the abuse of discretion, because it framed every consideration in relation to that higher hurdle. I think everything was framed around that, everything was built to that. I understand. Unless your honors have any further questions. I have none. Judge Porter, Judge Roth? I have none. Okay. Thank you very much. Thank you to both counsel for being with us today and for being patient, because we took a fair amount of time on the other cases. And we'll take the matter under advisement.